**ORIGINAL**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 05-10304-GAO |
| v. ) | |
| ) | VIOLATIONS: |
| 1.  LUIS ALBERTO LOPEZ, ) | |
|     a.k.a. "Gordo" ) | |
|     a.k.a. "Gordito" ) | 21 U.S.C. §§963, 952, 959(a) |
| 2.  GONZALO SALAZAR-OLIVEROS, ) | and 960(b)(1)(A) - Conspiracy |
|     a.k.a. "Horacio" ) | To Import and Distribute and |
|     a.k.a. "Gafitas" ) | Manufacture for Unlawful |
| 3.  DIEGO FERNANDO ) | Importation One Kilogram or |
|     OROZCO-MENDEZ, ) | More of Heroin |
|     a.k.a. "El Doctor" ) | |
| 4.  LEONEL LONDOÑO-CARDONA, ) | 21 U.S.C. §§959(a) and |
| 5.  JOSE ESCIPION ) | 960(b)(1)(A) - Distribution |
|     FERNANDEZ-PINO, ) | for Unlawful Importation of |
|     a.k.a. "Tocayo" ) | One Kilogram or More of Heroin |
| 6.  JOSE A. MEJIA, ) | |
|     a.k.a. "Charlie" ) | 21 U.S.C. §§846, 841(a)(1), |
|     a.k.a. "Triste" ) | 841(b)(1)(A)(i) and |
|     a.k.a. Julio ) | 841(b)(1)(A)(ii) - Conspiracy |
|     Cartagena ) | to Distribute One Kilogram or |
| 7.  ALEXANDER SERNA-IBARRA, ) | More of Heroin and Five |
| 8.  PABLO R. BAEZ, ) | Kilograms or More of Cocaine |
| 9.  ALBERTO M. BENVAL, ) | |
|     a.k.a. "Yonni" ) | 21 U.S.C. §856(a)(1) - |
| 10. LESLIHE ABAD, ) | Maintaining a Place for the |
|     a.k.a. Marilia ) | Purposes of Drug Distribution |
|     Melendez ) | |
|     a.k.a. "Prima" ) | 21 U.S.C. §§841(a)(1) and |
| 11. TIRSO CIRIACO, ) | 841(b)(1)(A)(i) - Possession |
|     a.k.a. Ernesto Perez ) | With Intent to Distribute |
|     a.k.a. "El Cuñao" ) | A Kilogram or More of Heroin |
| 12. SIXTO RIVERA, ) | |
|     a.k.a. "Memelo" ) | 21 U.S.C. §§841(a)(1) and |
|     a.k.a. "El Compadre" ) | 841(b)(1)(B)(i) - Possession |
| 13. VICTOR VEGA, ) | With Intent to Distribute |
|     a.k.a. Victor ) | 100 Grams or More of Heroin |
|     Quintero, ) | |
|     a.k.a. Alberto ) | 21 U.S.C. §841(a)(1) - |
|     Carrasquillo, ) | Possession With Intent to |
| 14. DAURIN ARIAS, ) | Distribute Cocaine |
|     a.k.a. "Dauri" ) | |
| 15. FELIX RAMIREZ, ) | |

```
            a.k.a. "Orlando"         )   18 U.S.C. §1956(h) - Money
16.  RICHARD DURAN,                  )   Laundering Conspiracy
17.  ALICIA MILAGROS,                )
            a.k.a. "Judy"            )   18 U.S.C. §2 - Aiding and
            a.k.a. "Prima"           )   Abetting
18.  GUILLERMO CEBALLOS-GRAJALES,)
            a.k.a. "Memo"            )   21 U.S.C. §853 - Drug
19.  ANTONIO SERNA,                  )   Forfeiture Allegation
            a.k.a. "Don Antonio"     )
                                     )   18 U.S.C. §982(a)(1) - Money
                                     )   Laundering Forfeiture
                                     )   Allegation
                                     )
     Defendants.                     )
```

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

**COUNT ONE:**   (Title 21, United States Code, Section 963
              - Conspiracy to Import Heroin and to Distribute
              and Manufacture Heroin for Unlawful Importation)

From an unknown date but at least by in or about sometime in 2001 and continuing until on or about November 30, 2005, in Colombia, South America, the State of Florida, the State of New York, the District of Massachusetts and elsewhere,

1. LUIS ALBERTO LOPEZ,
    a.k.a. "Gordo"
    a.k.a. "Gordito"
2. GONZALO SALAZAR-OLIVEROS,
    a.k.a. "Horacio"
    a.k.a. "Gafitas"
3. DIEGO FERNANDO OROZCO-MENDEZ,
    a.k.a. "El Doctor"
4. LEONEL LONDOÑO-CARDONA,
5. JOSE ESCIPION FERNANDEZ-PINO,
    a.k.a. "Tocayo"
7. ALEXANDER SERNA-IBARRA,
18. GUILLERMO CEBALLOS-GRAJALES,
    a.k.a. "Memo" and

3

**19. ANTONIO SERNA,**
     **a.k.a. "Don Antonio"**

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit the following offenses against the United States: (1) to unlawfully, knowingly and intentionally import heroin, a Schedule I controlled substance, into the United States from a place outside thereof, namely, Colombia, South America in violation of Title 21, United States Code, Section 952(a) and (2) to manufacture and distribute heroin, a Schedule I controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a).

It is further alleged that the conspiracy described herein involved at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 960(b)(1)(A) applies to this count.

All in violation of Title 21, United States Code, Section 963.

4

**COUNT TWO:**         (Title 21, United States Code, Section 959(a) -
                      Distribution of One Kilogram or More of Heroin for
                      Unlawful Importation; Title 18, United States
                      Code, Section 2 - Aiding and Abetting)

On or about October 8, 2005, in Colombia, South America, the State of Florida, the District of Massachusetts and elsewhere,

    2.    **GONZALO SALAZAR-OLIVEROS**,
           a.k.a. "Horacio"
           a.k.a. "Gafitas" and
    4.    **LEONEL LONDOÑO-CARDONA**,

defendants herein, did unlawfully, knowingly, and intentionally distribute and cause the distribution of heroin, a Schedule I controlled substance, intending and knowing that such substance would be unlawfully imported into the United States.

It is further alleged that the offense described herein involved at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 960(b)(1)(A) applies to this count.

All in violation of Title 21, United States Code, Section 959(a).

5

**COUNT THREE:**    (21 U.S.C. § 846 -- Conspiracy To Distribute Heroin and Cocaine)

From a time unknown to the Grand Jury, but at least by in or about sometime in 2001, and continuing to on or about November 30, 2005, in Everett, Medford, Charlestown, Malden, Lynn, Revere, Boston, and elsewhere in the District of Massachusetts, in the State of New York, the State of Florida and elsewhere,

1.   LUIS ALBERTO LOPEZ,
        a.k.a. "Gordo"
        a.k.a. "Gordito"
6.   JOSE A. MEJIA,
        a.k.a. "Charlie"
        a.k.a. "Triste"
        a.k.a. Julio Cartagena
7.   ALEXANDER SERNA-IBARRA,
8.   PABLO R. BAEZ,
9.   ALBERTO M. BENVAL,
        a.k.a. "Yonni"
10.  LESLIHE ABAD,
        a.k.a. Marilia Melendez
        a.k.a. "Prima"
11.  TIRSO CIRIACO,
        a.k.a. Ernesto Perez
        a.k.a. "El Cuñao"
12.  SIXTO RIVERA,
        a.k.a. "Memelo"
        a.k.a. "El Compadre"
13.  VICTOR VEGA,
        a.k.a. Victor Quintero
        a.k.a. Alberto Carrasquillo
14.  DAURIN ARIAS,
        a.k.a. "Dauri"
15.  FELIX RAMIREZ,
        a.k.a. "Orlando"
16.  RICHARD DURAN, and
18.  GUILLERMO CEBALLOS-GRAJALES,
        a.k.a. "Memo"

6

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to distribute a controlled substance; to wit: heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance.

It is further alleged that the conspiracy described herein involved at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and at least five (5) kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Sections 841(b)(1)(A)(i) and 841(b)(1)(A)(ii) are applicable to this count.

All in violation of Title 21, United States Code, Section 846.

7

**COUNT FOUR:** **(Title 21, United States Code, Section 856(a)(1) - Maintaining a Place for Drug Purposes; Title 18, United States Code, Section 2 - Aiding and Abetting)**

From in or about September 2005 and continuing until on or about November 30, 2005, at Everett and elsewhere in the District of Massachusetts,

>    6.   **JOSE A. MEJIA,**
>              a.k.a. "Charlie"
>              a.k.a. "Triste"
>              a.k.a. Julio Cartagena, and
>    9.   **ALBERTO M. BENVAL,**
>              a.k.a. "Yonni"

defendants herein, did knowingly and intentionally use and maintain a place, to wit; 15 Staples Avenue, Apartment Number 11, Everett, Massachusetts, for the purpose of manufacturing, and distributing controlled substances, specifically heroin, cocaine, and cocaine base, also known as "crack cocaine."

All in violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

8

**COUNT FIVE:** **(Title 21, United States Code, Section 841(a)(1) - Possession With Intent to Distribute Heroin; Title 18, United States Code, Section 2 - Aiding and Abetting)**

On or about November 28, 2005 at Boston, Medford, Malden and elsewhere in the District of Massachusetts,

    7.  **ALEXANDER SERNA-IBARRA**,
    8.  **PABLO R. BAEZ**,
  10.  **LESLIHE ABAD**,
        **a.k.a. Marilia Melendez**
        **a.k.a. "Prima"**

defendants herein, did knowingly and intentionally possess with the intent to distribute heroin, a Schedule I controlled substance.

It is further alleged that the offense described herein involved at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(i) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

9

**COUNT SIX:**        (Title 21, United States Code, Section 841(a)(1) - **Possession With Intent to Distribute Heroin**; Title 18, United States Code, Section 2 - **Aiding and Abetting**)

On or about November 30, 2005 at Medford and elsewhere in the District of Massachusetts,

**8.    PABLO R. BAEZ,**

defendant herein, did knowingly and intentionally possess with the intent to distribute heroin, a Schedule I controlled substance.

It is further alleged that the offense described herein involved at least one hundred (100) grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i) is applicable to this count.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

10

**COUNT SEVEN:**     (Title 21, United States Code, Section 841(a)(1) -
                    **Possession With Intent to Distribute Cocaine;**
                    **Title 18, United States Code, Section 2 - Aiding**
                    **and Abetting)**

On or about November 30, 2005 at Revere and elsewhere in the District of Massachusetts,

>    **13.   VICTOR VEGA,**
>               **a.k.a. Victor Quintero,**
>               **a.k.a. Alberto Carrasquillo,**

defendant herein, did knowingly and intentionally possess with the intent to distribute cocaine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

11

**COUNT EIGHT:**   **(Title 18, United States Code, Section 1956(h)-Money Laundering Conspiracy)**

From an unknown date but at least by in or about July 2004 and continuing until in or about November 2005, at Charlestown, Andover, and Chelsea, in the District of Massachusetts, and elsewhere,

      **6.**    **JOSE A. MEJIA,**
              **a.k.a. "Charlie"**
              **a.k.a. "Triste"**
              **a.k.a. Julio Cartagena**
      **9.**    **ALBERTO M. BENVAL,**
              **a.k.a. "Yonni," and**
      **17.**    **ALICIA MILAGROS,**
              **a.k.a. "Judy"**
              **a.k.a. "Prima"**

defendants herein, knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree with each other and other individuals known and unknown to the grand jury to conduct and attempt to conduct financial transactions affecting interstate commerce, which in fact involved the proceeds of a specified unlawful activity, that is, the distribution of heroin and cocaine in violation of Title 21, United States Code, Section 841(a)(1): (1) with the intent to promote the carrying on of said specified unlawful activity; and (2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said

12

specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1).

All in violation Title 18, United States Code, Section 1956(h).

13

## CRIMINAL FORFEITURE ALLEGATION

(21 U.S.C. § 853 -- Criminal Forfeiture)

The Grand Jury further charges that:

1. Upon conviction of one or more of the offenses alleged in Counts One through Seven of this Second Superseding Indictment,

    1. LUIS ALBERTO LOPEZ,
        a.k.a. "Gordo"
        a.k.a. "Gordito"
    2. GONZALO SALAZAR-OLIVEROS,
        a.k.a. "Horacio"
        a.k.a. "Gafitas"
    3. DIEGO FERNANDO OROZCO-MENDEZ,
        a.k.a. "El Doctor"
    4. LEONEL LONDOÑO-CARDONA,
    5. JOSE ESCIPION FERNANDEZ-PINO,
        a.k.a. "Tocayo"
    6. JOSE A. MEJIA,
        a.k.a. "Charlie"
        a.k.a. "Triste"
        a.k.a. Julio Cartagena
    7. ALEXANDER SERNA-IBARRA,
    8. PABLO R. BAEZ,
    9. ALBERTO M. BENVAL,
        a.k.a. "Yonni"
   10. LESLIHE ABAD,
        a.k.a. Marilia Melendez,
        a.k.a. "Prima"
   11. TIRSO CIRIACO,
        a.k.a. Ernesto Perez,
        a.k.a. "El Cuñao"
   12. SIXTO RIVERA,
        a.k.a. "Memelo"
        a.k.a. "El Compadre"
   13. VICTOR VEGA,
        a.k.a. Victor Quintero,
        a.k.a. Alberto Carrasquillo
   14. DAURIN ARIAS,
        a.k.a. "Dauri"
   15. FELIX RAMIREZ,

     **a.k.a. "Orlando"**
16. **RICHARD DURAN,**
18. **GUILLERMO CEBALLOS-GRAJALES**
    **a.k.a. "Memo," and**
19. **ANTONIO SERNA,**
    **a.k.a. "Don Antonio"**

defendants herein, shall forfeit to the United States any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses, and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including without limitation the following:

 (a) the real property located at 2606 E. Robinson Street, Orlando, Florida, including all buildings, appurtenances, and improvements thereon, also known as Lot 10, Block A, Washington Place, as recorded in Plat Book G, Page 47, of the Public Records of Orange County, Florida and in Book 7447, Page 4631, of the Orange County Comptroller;

 (b) $18,040.00 in United States currency seized from 16 Avon Street #1, Everett, Massachusetts, on November 30, 2005;

 (c) $6,000.00 in United States currency seized from 90 Cummings Avenue, Revere, Massachusetts, on November 30, 2005;

 (d) one 1995 Toyota Landcruiser, bearing Massachusetts registration number 97XA60 and Vehicle Identification Number JT3DJ81WXS0106687;

 (e) one 1999 Acura 35RL, bearing Massachusetts registration number 67YA47 and Vehicle Identification Number JH4KA9656XC010567;

 (f) one 1997 Mitsubishi Montero, bearing Massachusetts registration number 12MM79 and Vehicle Identification Number JA4MT31P3VP004106;

15

       (g)   one 1997 Mazda Millenia, bearing Massachusetts registration number 23NZ38 and Vehicle Identification Number JM1TA2212V1310051; and

       (h)   one 1997 Mitsubishi Diamante, bearing Massachusetts registration number 33VA31 and Vehicle Identification Number 6MMAP57P1VT003338.

2. If any of the properties described in paragraph 1, above, as a result of any act or omission of the defendants --

       (a)   cannot be located upon the exercise of due diligence;

       (b)   has been transferred or sold to, or deposited with, a third party;

       (c)   has been placed beyond the jurisdiction of the Court;

       (d)   has been substantially diminished in value; or

       (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATIONS
### (18 U.S.C. §982(a)(1))

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count Eight of this Second Superseding Indictment, each of the defendants,

> 6. **JOSE A. MEJIA,**
>    a.k.a. "Charlie"
>    a.k.a. "Triste"
>    a.k.a. Julio Cartagena
> 9. **ALBERTO M. BENVAL,**
>    a.k.a. "Yonni," and
> 17. **ALICIA MILAGROS**
>    a.k.a. "Judy"
>    a.k.a. "Prima"

shall forfeit to the United States any property, real or personal, involved in the offense in violation of 18 U.S.C. §1956(h), for which that defendant is convicted, and all property traceable to such property. The property to be forfeited includes, but is not limited to, a sum of money equal to the total amount of money involved in the offense.

2. If any of the property described in paragraph 1 above, as a result of any act or omission of the defendants,

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or

17

    (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1.

    All pursuant to 18 U.S.C. § 982.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
Neil J. Gallagher, Jr.
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS; November 13, 2006

Returned into the District Court by the Grand Jurors and filed.

_____ 11/13/06
DEPUTY CLERK
12:55 pm