UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-10304-GAO |
| ) | |
| PABLO BAEZ ) | |

DEFENDANT'S MOTION *IN LIMINE* TO BAR OPINION TESTIMONY BY
MASSACHUSETTS STATE POLICE TROOPER JAIME CEPERO,
OR, ALTERNATIVELY TO COMPEL PRODUCTION OF STATEMENTS

Defendant Pablo Baez moves *in limine* to bar the government from calling Massachusetts State Police Trooper Jaime Cepero to testify under Fed. R. Evid. 701 and 702 because, among other reasons, the government has failed to disclose the statements by Trooper Cepero that relate to the subject matter of his testimony, or that are inconsistent with it. Alternatively, Mr. Baez moves for disclosure of all such statements by Trooper Cepero, including prior testimony, affidavits and reports, before trial. Mr. Baez reserves the right upon receipt of such material to move to continue the trial date to have sufficient time to make meaningful use of such information. In support of this motion, Mr. Baez states as follows:

On January 2, 2008, the government filed the United States' Pretrial Memorandum Regarding Testimony of Law Enforcement Agents under Rules 701 and 702 ("Government's Memo") (Docket #375). Pursuant to the schedule set by the Court at the hearing on January 3, 2008, Mr. Baez will oppose admission of such law enforcement testimony in a separate filing on January 10, 2008. The arguments in support of the instant motion will be laid out in the opposition to Docket #375.

To the extent, however, that the Court does not exclude the testimony by Trooper Cepero, the government has an obligation under the Jencks Act and the orders in this case to provide the

defense with prior statements by Trooper Cepero that "relates to the subject matter" on which the witness is to testify.  18 U.S.C. § 3500.  Here, the government has failed to provide any such statements relating to the type of testimony the Government's Memo indicates the government would seek to evoke from Trooper Cepero.

     For these reasons, and as will be more fully described in Mr. Baez's response to Docket #375, the Court should exclude Trooper Cepero's testimony, or, alternatively, compel the government to make reasonably inquiry for and disclose all prior statements by Trooper Cepero that relate to the subject matter of the testimony the government expects to offer through Trooper Cepero.

                                      PABLO BAEZ
                                      By his attorney,

                                      / S /  Peter B. Krupp

Dated:  January 7, 2008                Peter B. Krupp
                                         B.B.O. #548112
                                      Lurie & Krupp, LLP
                                      One McKinley Square
                                      Boston, MA  02109
                                      Tel:  617-367-1970

## CERTIFICATE OF SERVICE

     I, Peter B. Krupp, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on January 7, 2008.

                                      / S /  Peter B. Krupp

                                      Peter B. Krupp