

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*

January 9, 2007

**Peter B. Krupp**
Lurie and Krupp, LLP
One McKinley Square
Boston, MA 02109

VIA HAND DELIVERY


   Re:   United States v. Pablo Baez
         <u>Criminal No. 05-10304-GAO</u>

Dear Counsel:

   I am responding to your emails of yesterday and today. You were correct, there were items on the exhibit list that were not included in the folder containing trial exhibits provided to you on January 8, 2008 and made available on January 7, 2008. However, I have reviewed the trial exhibits, and all were previously provided to you in automatic discovery long ago and other discovery requests you made, with the following, limited exceptions: Exhibits 17B and 17C vehicle registration records for a 1997 Mitsubishi Montero, MA Registration 12MM79 and 1997 Mitsubishi Dimante LA, MA Registration 33VA31 that were recently obtained via trial subpoena, and which was already documented in disclosed DEA 6's about this surveillance; and Exhibit 44 a Google Earth Map of 9201 Lamont Avenue, a map which is equally available to you through the internet.  Nonetheless, enclosed please find each of the paper exhibits you requested.  Also, please be advised that the copy of Exhibit N-78 that you wanted see out of the evidence bag is actually Exhibit No. 5, which was previously disclosed and which I believe you already examined at the DEA.

   Yesterday, during trial preparation, a witness referred to surveillance logs as something he might use to refresh his recollection about an incident.  When I inquired further, I learned that, contrary to the usual practice in DEA wiretaps,

agents in this case tended to keep a detailed log (often including, e.g., directions to the next shift's workers, and do on). In some cases, these logs were signed by Trooper Jaime Cepero. While generally this information is not subject to disclosure because it simply contains agent summaries of phone calls that are already disclosed in the line-sheets, see United States v. Wright, 121 F.Supp.2d 1344, 1351 (D.Kansas 2000)("The court concurs with the government that an agent's summary of the call or conversation is protected from discovery, because it is the officer's mental impressions amounting to work product and is an internal document solely prepared for the criminal investigation under Rule 16(a)(2)."), in this case, because some of the logs were signed I am disclosing each of the logs. Had I been aware of these documents earlier, I would have provided a copy sooner. There are a total of 209 pages.

    I will also be filing a copy of this letter so the Court is aware of these documents.

                                  Very truly yours,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

By:
            /s/ Neil Gallagher
            NEIL J. GALLAGHER, JR.
            Assistant U.S. Attorney