

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

January 14, 2007

**Peter B. Krupp**
Lurie and Krupp, LLP
One McKinley Square
Boston, MA 02109

VIA EMAIL

    Re:  United States v. Pablo Baez
          <u>Criminal No. 05-10304-GAO</u>

Dear Counsel:

    I am responding to your letter dated January 12, 2008 and filed at Docket #422. In your letter you request reports and attorney and agents notes all interviews of co-defendant Victor Vega and Leslie Abad. Please be advised that there are no reports of the interviews of Vega. Because Vega did not become a government witness until mid-last week, the meetings with him have been in preparation for trial testimony. The government, will however, will be disclosing a written summary of what we expect Vega to testify about at trial based on pre-trial interviews with Vega and will file that letter later today.

    As to your request that I produce agents - or my own - notes of these interviews, the government declines to do so. Such production is not required, nor even suggested, by the applicable case law. <u>Compare</u> e.g.,<u>United States v. Melo</u>, 411 F.Supp.2d 17 (D.Mass 2006). Significantly, none of the notes taken during these interviews were ever signed or otherwise adopted by the witnesses.

    Second, your letter also requests reports relating to safety valve interviews that you presume that have taken place of several co-defendants. First, no safety valve interviews have taken place, only interviews, pursuant to proffer agreements, of five cooperating defendants, including the two of witnesses (Abad and Vega) which have been identified as witnesses in the government's case-in-chief. The other three cooperating defendant

witnesses will <u>not</u> be called as witnesses at trial in the government's case-in-chief. Nevertheless, to the extent that any of government's witnesses had provided the government with exculpatory information about your client, or impeachment information about a government witness, I would have disclosed that information to you. That did not happen. Instead, as I told you outside the courtroom, one of those three witnesses (a possible government rebuttal witness) conclusively identified your client as someone who was involved in the drug conspiracy in New York City in the summer of 2005.

    I respectfully disagree with your assessment, which is unsupported by the case law, about the breadth of what constitutes exculpatory information. If, however, you can provided me some controlling precedent that suggests that I am incorrect, I will certainly take a look at those cases you have submitted and reconsider.

                          Very truly yours,

                          MICHAEL J. SULLIVAN
                          United States Attorney

By:

            <u>/s/ Neil Gallagher</u>
            NEIL J. GALLAGHER, JR.
            Assistant U.S. Attorney

Date Submitted: January 14, 2008